364 F.2d 305
 UNITED STATES of America ex rel. William Lee EVANS, Petitioner-Appellant,
v.
Harold W. FOLLETTE (successor to Edward M. Fay), as Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.
 No. 439.
 Docket 30166.
 United States Court of Appeals Second Circuit.
 Argued June 15, 1966.
 Decided July 14, 1966.
 
 Anthony L. Fletcher, New York City (Anthony F. Marra, New York City, on the brief), for appellant.
 Barry Mahoney, Asst. Atty. Gen. of the State of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Albert O. Marston, Asst. Atty. Gen., on the brief), for appellee.
 Before HAYS, ANDERSON and FEINBERG, Circuit Judges.
 PER CURIAM:
 
 
 1
 After a consolidated trial of complaints made by three different persons involving acts committed at different times, appellant Evans was convicted, in the former Court of General Sessions of New York County, of two counts of robbery, two counts of sodomy, three counts of assault with intent to commit sodomy and two counts of assault with intent to commit robbery. Appellant now claims that his detention is unconstitutional because the due process clause of the Fourteenth Amendment requires separate trials in cases where the crimes charged were of such a sordid nature that allowing the jury to hear evidence as to all acts might prejudice them when considering the specific complaint of each victim.
 
 
 2
 Section 279 of the New York Code of Criminal Procedure allows for the consolidation of charges of the "same or a similar character," at the discretion of the trial judge. Compare Rule 8(a) of the Federal Rules of Criminal Procedure. The trial judge charged the jury:
 
 
 3
 "each count is to be taken as a separate and distinct case; you decide each matter as you wish, but you cannot carry over the testimony from one complainant to another. They are not related in any manner whatsoever. * * *"
 
 
 4
 We must assume that the jury followed these instructions. See Delli Paoli v. United States, 352 U.S. 232, 242, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Opper v. United States, 348 U.S. 84, 94-95, 75 S.Ct. 158, 99 L.Ed. 101 (1954).
 
 
 5
 At most we are presented with an abuse of discretion by a state trial judge in granting the motion for consolidation. Compare United States v. Lotsch, 102 F.2d 35 (2d Cir.), cert. denied, 307 U.S. 622, 59 S.Ct. 793, 83 L. Ed. 1500 (1939) with Note, Joint and Single Trials Under Rules 8 and 14 of the Federal Rules of Criminal Procedure, 74 Yale L.J. 553, 556-60 (1965). Appellant has cited no case which indicates that this is an issue of constitutional dimensions. Neither United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3d Cir. 1962), cert. denied, 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051 (1963), which concerned the wholly unrelated question of a unitary trial of the issues of guilt and penalty pursuant to a statutory mandate, nor any of the other cases cited by appellant, hold that joinder in such a situation is constitutionally invalid.
 
 
 6
 The court wishes to express to Anthony L. Fletcher its gratitude for his conscientious and able handling of this appeal.
 
 
 7
 Affirmed.