THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM PAUL DUNN, Appellant.

Fourth Department, December 1, 1966.

*Carmen A. Miller* for appellant.

*Lurton G. Whiteman, District Attorney* (*Donald L. Purple* of counsel), for respondent.

*Per Curiam.* There is ample evidence to sustain the verdict of the jury convicting the defendant of the crimes charged. The important question, however, is whether he received a fair trial. (*People* v. *Mleczko*, 298 N. Y. 153, 161–163; *People* v. *Steinhardt*, 9 N Y 2d 267, 269.)

In *People* v. *Mleczko* (*supra*, p. 163), the court said: " Vicious though the crime was, convincing though the evidence of guilt may seem to be, we could affirm only if we were to announce a

doctrine that the fundamentals of a fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt. We are not prepared to announce such a doctrine. (See *People* v. *Marendi, supra* [213 N. Y. 600], p. 620.) It is for jurors, not judges of an appellate court such as ours, to decide the issue of guilt.''

In the present case the unfairness springs primarily from the conduct of the District Attorney. When a New York State Police Inspector was testifying for the People, the District Attorney asked if he had questioned the defendant as to how he became acquainted with Eckert, a former codefendant who had pleaded guilty. This was objected to on the ground that any testimony which might follow might be highly irrelevant and prejudicial. The objection was overruled and the witness said: '' Mr. Dunn did tell me that they met in Rochester where they were being returned to Attica State Prison.'' This could only have referred to a prior imprisonment and of course it was seriously prejudicial, particularly in view of the fact that the defendant did not take the stand. A motion for mistrial was denied with an exception, and the trial proceeded.

The District Attorney, apparently not satisfied that he had done enough harm to the defendant, said in his summation:

'' Now, what have we got with regard to Mr. Dunn? Item Number One, he was not a recent acquaintance of Albert Eckert, he was not a recent acquaintance by any chance. He had known Eckert for some time and under what do you suppose circumstances? And I'll leave it to you under what circumstances he knew Albert Eckert. Let me read you a question * * * I was asking Investigator Limner the circumstances of the conversation with Mr. Dunn on the evening of October 21st, 1965 and his answer. I asked as to how he became acquainted with Albert Eckert, and he gave this answer, ' Mr. Dunn did tell me that they met in Rochester where they were being returned to Attica State Prison '. Now, you don't suppose do you, that Albert Eckert and William Dunn were on the Board of Visitors of Attica and that they had been recently commissioned by the Governor to inspect Attica? You know under what circumstances they met as well as I do.''

\* \* \*

'' You call those the acts of an innocent person? Was Dunn the pure lily standing there while Eckert committed this burglary or was Dunn there to help Eckert do it? Don't forget, where did they meet? When they were being returned to Attica State Prison. You call that an innocent man? ''

This was not only unfair and unjust but so prejudicial as to require a new trial.

The Trial Judge, instead of helping the defendant in his charge, mentioned the admission by the defendant that he had become acquainted with Eckert while en route to Attica State Prison and said: "I charge you that in considering such testimony that you may consider it only as it may bear on the credibility or truthfulness of any admissions or statements you may find this defendant made." He then said that the manner of the meeting of Dunn and Eckert had no probative value and should not be considered as having any bearing on guilt or innocence. By the above charge, although the defendant did not take the stand, the Judge more or less put his character in issue and this, of course, was also prejudicial.

There has been too much of this type of conduct recently in this Department. (*People* v. *Moore,* 26 A D 2d 902; *People* v. *Rial,* 25 A D 2d 28; *People* v. *Castelo,* 24 A D 2d 827.) Some prosecutors seem to feel that procuring a conviction is of paramount importance without regard to justice. We now give notice to District Attorneys in this Department that conduct of this type will result in reversals by this court and the granting of new trials. Justice requires this.

Upon the new trial it will not be necessary to conduct another *Huntley* hearing concerning the statements that were received in evidence during the first trial. We agree with the findings of the Trial Judge after the former preliminary hearing.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed, on the law and facts, and in the interest of justice, and new trial granted.