■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE McCAIN, JR., Appellant.— Defendant appeals from a judgment of the County Court, Nassau County, rendered February 1, 1971, which convicted him, upon a jury verdict, of the crime of rape and sexual abuse, both in the first degree, and imposed appropriate sentences. Judgment reversed, on the law, and case remanded to the Nassau County Court for a new trial not inconsistent with this memorandum. At the trial, the County Court permitted one Robert H. Campbell to testify that he was a probation officer over defense counsel's vigorous objection and demand for a mistrial. Thereafter, Mr. Campbell stated that defendant came to his office and told him that he was wanted by the police for his alleged commission of an act of rape upon the complainant

and that he had, in fact, engaged in consensual sexual intercourse with the complainant. Later, the County Court permitted the People to elicit from their own witness, a police detective who had administered a polygraph examination to the defendant, that, based upon the graphs produced from such examination, it was his opinion that defendant was not telling the truth during such examination when he denied having committed the crime charged. In addition, the County Court refused to permit defense counsel to subpoena a certain Assistant District Attorney who was involved in a multiple prosecution of the complainant and others on charges including vagrancy and prostitution, as well as the records concerning such prosecution. We think that these three rulings of the County Court were erroneous and, collectively, require that the judgment of conviction be reversed and that defendant be given a second trial at which these errors should be corrected. We think it was error for the County Court to have permitted Mr. Campbell to state his profession. By identifying himself as a probation officer and giving his subsequent testimony, the witness provided the jury with enough information to conclude that the defendant was already a convicted criminal. The admission into evidence of the fact that defendant had been previously convicted of a crime is prohibited if it is offered merely for the purpose of establishing that the defendant had a criminal history, but is permitted where such facts would have some probative value in establishing defendant's guilt for the crime of which he stands accused (Richardson, Evidence [9th ed.], § 175). In addition, such evidence will be allowed into the record when the defendant himself takes the witness stand and the prosecution seeks to shed doubt upon his credibility or to impeach him (Richardson, Evidence [9th ed.], § 412). Neither of the above exceptions was present in the case at bar. Accordingly, we think that it was error to allow an inference to the jury that the defendant might be a convicted criminal. Bearing such conclusion in their minds, the members of the jury could easily have been prejudiced in their attitude towards the defendant. At the time of defendant's trial, polygraph tests had not been proven to be reliable (*People* v. *Leone,* 25 N Y 2d 511). At bar, the People called their polygraph expert as a witness, but questioned him as to other matters, specifically ignoring any question with regard to the polygraph examination he had administered to the defendant. As a result of improper cross-examination, defense counsel elicited from him only that the defendant had voluntarily submitted to taking a polygraph examination. Thereafter, the People were permitted not only to put the graphs resulting from such examination and the witness' explanation thereof into evidence, but they were also permitted to have their witness offer his opinion as to whether the defendant was telling the truth when he denied having committed the crime with which he was charged. In support of affirmance, the People argue that by merely establishing that the defendant had voluntarily submitted to the polygraph examination, defense counsel created an inference in the jury's mind that the results thereof were beneficial to the defendant's case and that the People were deliberately hiding them. In such an instance, the People contend, evidence of the results of such an examination should be permitted into evidence in order that such inference may be rebutted. While we agree with the point of view urged by the People, we think that the County Court permitted them too much latitude in this respect, and that permitting the witness to offer his opinion as to the defendant's veracity during the examination was so prejudicial as to require that the defendant be given a new trial at which such evidence should not be permitted. We note in passing that we think that defense counsel should not have been permitted to question the witness with regard to the polygraph test in the first instance. In any prosecu-

tion for rape where the issue of consent is raised, the reputation and the moral character of the complainant is of great interest and is a permissible area of investigation and questioning for the defense (Richardson, Evidence [9th ed.], § 159). In view of the admission of the Assistant District Attorney to the County Court that the complainant was involved in a prosecution which led to the conviction of others for crimes including prostitution, and the statements of witnesses confirming this, we think it was also error for the County Court to refuse to permit defense counsel the opportunity to investigate the files of that prosecution and to examine the Assistant District Attorney involved therein by refusing to issue the requested subpoenas. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Benjamin, JJ., concur.