■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES F. WHITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 10, 1972, convicting him of robbery in the first degree (two counts) and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was identified by a dentist and his dental assistant as the man who had robbed the dentist and one of his patients at knifepoint on May 13, 1971 at approximately 5:00 P.M. Immediately after the robbery, a manila envelope containing papers bearing defendant's name and social security number was found in the waiting room where the assailant had been seated. Defendant did not take the stand at the trial. His aunt testified that two students had arrived at her home for private tutoring at approximately 4:00 P.M. on the day in question. She testified that defendant was then present, although he left shortly thereafter. She did not see him again until dinner time, at approximately 5:30 P.M. Neither of the students was called as a defense witness. On its direct case the People called a witness who identified himself as an employee of the Manhood Foundation. In response to a preliminary inquiry as to the function of his organization, the witness stated: "The Manhood Foundation works with the rehabilitation of ex-convicts, helping them in housing, jobs, any problems; parole, we work along with the Parole Department. The whole bit. Anything that we can do to help someone coming out of jail to get back into society." The witness was immediately excused at the direction of the trial court. Defendant argues that through the testimony of that witness his prior criminal record was, inferentially but unmistakably, conveyed to the jury, thus violating the principle that the prosecution may not attack the defendant's character in

the first instance. We believe that no error was committed in that regard. Although the witness stated that the Manhood Foundation works with ex-convicts, at no time during his testimony did he mention defendant or intimate any connection between defendant and the foundation. Thus, the cases relied upon by defendant (see, e.g., *People v McCain,* 42 AD2d 866; *People v Dunn,* 26 AD2d 381) are distinguishable since in those cases the inference that the defendant had a prior criminal record was more directly conveyed to the jury. However, assuming error, it was not prejudicial on this record *(People v Crimmins,* 36 NY2d 230). We conclude upon an examination of the entire record that no "significant probability" exists that any errors committed at trial adversely affected defendant's rights or that the verdict would have been different had the errors not been committed. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.