■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR JAMES JOHNSON, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered June 18, 1975, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and possession of weapons and dangerous instruments. The body of defendant's wife was discovered in a parking lot in the Village of Monticello at approximately 5:45 A.M. on the morning of June 22, 1974. A pathologist testified that her death had occurred sometime between 1:00 A.M. and 4:00 A.M. that morning as the result of a gunshot wound, the bullet having lodged in her heart. It was established that the fatal shot had been fired from a .22 calibre handgun which was found nearby in her pocketbook. The indictment against the defendant charged him with her murder and also contained a count accusing him of the possession of a firearm which, concededly, was not the weapon employed to cause the death of his wife. Testifying on his own behalf, defendant claimed that he had not met his wife in that parking lot during the critical period and denied making an oral admission to the contrary. As to the other offense, defendant admitted his possession of the involved handgun and led the police to its discovery. On this appeal, he raises several issues urging reversal of the aforesaid manslaughter conviction. The disputed oral admission was made to a police officer and consisted of defendant's statement that he had met and struggled defensively with his wife in the parking lot because she was advancing on him holding a gun in her hand; that the gun went off during this struggle and he saw his wife stumble and fall; that he thought he thereafter placed the gun in her handbag; and that he became panicky and left the scene of the incident. This admission was the subject of a *Huntley* hearing prior to trial and we find no reason to disturb the trial court's conclusion that it was given

voluntarily to the police after adequate warning of defendant's constitutional rights. The circumstances under which it was obtained, such as the length of questioning or detention and deception, were but factors bearing on voluntariness which the trial court properly considered in arriving at its conclusion favoring admissibility. Defendant also argues that his defense on the accusation of murder was prejudiced by the acceptance of evidence concerning his possession of a handgun unrelated to the homicide and that such a charge should have been severed from the indictment. We disagree. Two offenses are properly joinable in a single indictment when proof of one would be admissible as evidence in chief upon a trial of the other (CPL 200.20, subd 2, par [b]). Here, defendant's possession of this weapon, though it was not the agent which produced his wife's death, was shown to have continued from the night of June 21, 1974 until its concealed disposal soon after defendant was told that someone had been shot in the parking lot. Its disposal by him very early in the morning, and shortly after he became aware of this report, thus became a relevant and admissible circumstance exhibiting defendant's consciousness of involvement with the homicide and his guilt thereof (People v Molineaux, 168 NY 264). We further conclude that the trial court did not improperly restrict defendant's cross-examination of a prosecution witness. In response to a proper question, this witness answered that he asked defendant if he would take a lie detector test. The results of such a test are inadmissible (People v Leone, 25 NY2d 511) and evidence of one's submission to such a test should not be elicited (People v McCain, 42 AD2d 866). Accordingly, the trial court was correct in precluding defense counsel from pursuing this line of inquiry and instructing the jury to disregard the matter. Any assertion that further examination would have revealed a prior inconsistency, in that this witness had previously testified that it was the defendant who first volunteered to take such a test, need not be seriously considered by us for the record demonstrates that, despite admonitions, defense counsel persistently skirted the subject in a fashion which clearly permitted the jury to infer that defendant was released from police control after taking a polygraph examination. Rather than testing the witness' credibility, it is apparent that this line of questioning had the objective of showing a result of the test indicating defendant's lack of culpability. The evidence must be viewed in the light most favorable to the prosecution in evaluating defendant's further contention that the proof did not suffice to establish his guilt beyond a reasonable doubt. We note that defendant's participation in the homicidal act was developed from his own admission, obviously accepted by the jury, that he had struggled with his wife when the gun went off. Though wounded but once, that shot caused her death. The only issue then remaining was one of intent and, in this regard, testimony was elicited that the fatal shot was fired from a distance of at least 24 inches and that the position of defendant's wife at the time it was fired, as deduced from the path taken by the bullet, rendered it unlikely that she was holding the weapon. Furthermore, defendant immediately left the scene and thereafter concealed another handgun before returning to the parking lot a few hours later. From a careful reading of this record, we are satisfied that the circumstantial evidence presented was sufficient to sustain the jury's verdict of guilt (People v Lagana, 36 NY2d 71; People v Benzinger, 36 NY2d 29). Finally, we have examined defendant's other assertions of error occurring during the trial, as well as his claim that the sentence is excessive, and find them to be unpersuasive. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.