Memorandum. The order of the Appellate Division should be affirmed.
Although the hospital showup was suppressed because it was impermissibly suggestive, the close and detailed observations of the defendant separately made during the course of the attacks by each of the two victims of the assaults were sufficient to provide independent bases for the subsequent in-court identifications (People v Ballott, 20 NY2d 600, 606-607; cf. Neil v Biggers, 409 US 188, 199-201).
It was also proper for the Trial Judge to deny defendant’s motion to sever the counts relating to the assault on one victim from those relating to the assault on the other. The circumstances surrounding the commission of the two crimes indicate striking similarities in their methods of execution as well as in the nature of the weapons employed, and each took place within a time span consistent with the defendant’s presence in the area where both were committed. Accordingly, there is no reason why the exercise of discretion by the trial court, affirmed as it has been by the Appellate Division, should be disturbed (People v Hetherington, 27 NY2d 242, 246; People v Peterson, 42 AD2d 937, affd 35 NY2d 659).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.