■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered February 15, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. A prosecution witness was improperly permitted to testify that he took the defendant's fingerprints three times. One was for the Mount Vernon Police Department, one was for the Federal Bureau of Investigation, and one was for the New York State Division of Criminal Justice System. Defendant complains that this testimony denied him a fair trial because it allowed the jury to infer he had a prior arrest record. Testimony was also received from a specialist in fingerprint analysis who positively identified the fingerprint found on the cash drawer in the New Rochelle Burger King where the robbery in question took place as belonging to defendant. He compared the fingerprint "lifted" from the cash drawer to one of defendant's on file with the Division of Criminal Justice Services in Albany. Furthermore, a person who was working in the Burger King during the robbery testified that one of the robbers told him that when he went to school the next day he should tell all his friends he was "stuck up" by "Dynamite". When the police subsequently questioned defendant they took a statement from him which was read into evidence at the trial. Defendant denied either having ever worked at the New Rochelle Burger King restaurant or having been behind the counter there, although he admitted having been inside the restaurant twice as a customer. When asked if he had a nickname, defendant responded that his friends referred to him as "Dynamite". In light of the evidence, we cannot say that a "significant probability" exists that the error adversely affected defendant's rights or that the error may have influenced the jury verdict *(People v White,* 47 AD2d 935, 936; *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.