**Abelardo ALEJANDRO, Petitioner,**

v.

**Charles SCULLY, Superintendent, Green Haven Correctional Facility, and the New York Department of Correctional Services, Respondents.**

No. 81 Civ. 336 (RJW).

United States District Court,
S. D. New York.

Jan. 21, 1982.

Abelardo Alejandro, pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for respondents; Susan L. Yarbrough, Asst. Atty. Gen., New York City, of counsel.

ROBERT J. WARD, District Judge.

*Pro se* petitioner Abelardo Alejandro seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons hereinafter stated, Alejandro's petition is dismissed.

### Background

In 1977, Alejandro was charged in two indictments with three counts of rape in the first degree, three counts of robbery in the first degree, two counts of burglary in the second degree, one count of criminal possession of a weapon in the first degree, and two counts of criminal possession of a weapon in the fourth degree. Before trial, the prosecution moved, pursuant to N.Y. Crim.Proc.Law § 200.20, for an order consolidating the two indictments. The trial court granted this motion over the objections of defense counsel. Alejandro's counsel moved to suppress prospective in-court identifications of Alejandro by two of the victims of the rapes charged in the indictments. This motion was denied by the trial court. The case then proceeded to trial in the Supreme Court of the State of New York, Bronx County. The jury found Alejandro guilty on the rape, robbery, and burglary counts charged in the two indictments. Alejandro was sentenced as a predicate felon to concurrent indeterminate terms of twelve and one-half to twenty-five years on the rape and robbery counts, and to concurrent indeterminate terms of three and one-half to seven years on the burglary counts. Alejandro's conviction was unanimously affirmed on May 27, 1980, by an order of the Supreme Court of the State of

New York, Appellate Division, First Department. Leave to appeal to the Court of Appeals of the State of New York was denied in an order dated June 24, 1980. The instant habeas corpus petition was filed on January 20, 1981.

### Discussion

Alejandro's petition challenges his state court conviction on two grounds. First, Alejandro contends that the trial court's order consolidating the counts contained in the two indictments so prejudiced Alejandro's ability to receive a fair trial that it violated the due process clause of the fourteenth amendment. Second, Alejandro argues that the trial court committed error of federal constitutional dimension in declining to suppress the two in-court identifications that were the subject of Alejandro's above-discussed pre-trial motion. For the reasons discussed *infra*, the Court finds neither argument to be meritorious.

### I

█ Under both state and federal law, the question whether a motion to consolidate or a motion to sever should be granted is committed to the sound discretion of the trial court, and will be reversed on appeal only where the defendant suffered such prejudice from a joint trial of two or more counts that the trial court may be said to have abused its discretion by refusing to order separate trials. *See People v. Cobenais*, 39 N.Y.2d 968, 969, 387 N.Y.S.2d 107, 107, 354 N.E.2d 847, 847 (1976) (stating rule under N.Y.Crim.Proc.Law § 200.20); *United States v. Halper*, 590 F.2d 422, 428 (2d Cir. 1978) (stating rule under Rules 13 & 14, Fed.R.Crim.P.). Habeas corpus review of a state trial court's grant of a consolidation or denial of a severance is even more limited than direct appellate review. Given the principle that habeas corpus exists only to remedy errors of constitutional dimension, a petitioner can mount a successful habeas corpus attack against a state trial court's decision on a request for a severance or a consolidation only if the petitioner can show that the simultaneous trial of more than

652

one offense was so prejudicial as to actually render the petitioner's state trial fundamentally unfair and hence violative of due process. *Tribbitt v. Wainwright*, 540 F.2d 840, 841 (5th Cir. 1976), *cert. denied*, 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587 (1977); *accord, Bronstein v. Wainwright*, 646 F.2d 1048, 1050–51 (5th Cir. 1981); *Corbett v. Bordenkircher*, 615 F.2d 722, 724–26 (6th Cir.), *cert. denied*, 449 U.S. 853, 101 S.Ct. 146, 66 L.Ed.2d 66 (1980).[1]

██ In light of the foregoing, it is plain that, if the prejudice suffered by Alejandro on account of the joint trial was not even sufficient to make the challenged consolidation an abuse of the trial judge's discretion, Alejandro cannot possibly succeed in his claim that the state trial judge acted unconstitutionally by ordering consolidation of the two indictments. *See Alvarez v. Wainwright*, 607 F.2d 683, 685 (5th Cir. 1979). It has repeatedly been held under both federal and state law that a trial judge has discretion to permit joinder of two or more counts having the same legal character if evidence of the defendant's commission of any one of the counts would be admissible to prove his commission of the other counts. *See, e.g., United States v. Halper, supra*, 590 F.2d at 431; *People v. Johnson*, 51 A.D.2d 851, 852, 380 N.Y.S.2d 775, 776–77 (3d Dep't 1976). Here, as Alejandro states, the identity of the rapist was the primary if not the sole issue at trial. The evidence showed that a distinctive *modus operandi* was used in each of the three rapes. As a result, evidence that Alejandro perpetrated any one of the rapes was probative of whether, and hence admissible to prove that, he was the person who committed the other rapes. *See People v. Allweiss*, 48 N.Y.2d 40, 46–49, 421 N.Y. S.2d 341, 344–46, 396 N.E.2d 735, 738–39 (1979). Since evidence of his commission of any one of the rapes would have been admissible against Alejandro to prove that he

was the perpetrator of the other rapes, the Court does not see any significant prejudice to Alejandro in conducting a single trial of all three rapes, and hence cannot find that the state trial judge's order of consolidation so prejudiced Alejandro as to amount to an abuse of the trial judge's discretion. The Court accordingly is unable even to consider holding that this order was so fundamentally prejudicial to Alejandro's right to a fair trial that it violated the due process clause of the fourteenth amendment, and therefore rejects Alejandro's first argument in support of his petition.

II

Alejandro's second argument in support of his petition is that the state trial court deprived him of his constitutional rights in failing to suppress prospective in-court identifications of Alejandro by two of the victims of the rapes charged in the indictments. This argument implicates the Supreme Court's recent decision in *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). There, the Court stated that the three elements of an in-court identification were (1) the witness' presence in court, (2) the ability of the witness to identify the defendant as the perpetrator of the crime, and (3) the defendant's presence in court. The Court held that an in-court identification should be suppressed if any one of these three elements was arrived at by a violation of the defendant's fourth amendment rights. 445 U.S. at 471, 100 S.Ct. at 1250.

Here, it is not seriously argued that the first two elements were improperly arrived at with respect to either of the putatively inadmissible identifications. It is not suggested that the location of the two victims as witnesses stemmed from any violation of Alejandro's constitutional rights. Nor did

1. The Court accordingly disagrees with recent decisions in this Circuit to the effect that a trial court's decision with respect to a motion for consolidation or severance can never, as a matter of law, raise an issue of constitutional dimension. *See, e.g., Guzman v. Harris*, No. 80 Civ. 1762(HFW), slip op. at 7 (S.D.N.Y. Feb. 25, 1981); *Madden v. Fogg*, 501 F.Supp. 243, 246

(S.D.N.Y.1980). In this Court's view, the decision of the Court of Appeals for this Circuit in *United States v. Follette*, 364 F.2d 305, 306 (2d Cir. 1966), *cert. denied*, 385 U.S. 1016, 87 S.Ct. 733 (1967), should not be read to stand for so broad a proposition. *See generally Spencer v. Texas*, 385 U.S. 554, 562, 87 S.Ct. 648, 652, 17 L.Ed.2d 606 (1967).

any such violation infect these victims' ability to give accurate identification testimony. The state trial court expressly found, subsequent to a hearing held pursuant to the Supreme Court's decision in *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), that these witnesses' courtroom identifications rested on an independent recollection of their initial encounters with their assailants, uninfluenced by any tainted pre-trial identifications. Transcript, Mar. 22, 1978, at 4–6. Since there is ample support for this finding in the record and Alejandro has not offered any evidence that tends to convince the Court that this finding was in error, the state trial court's finding is binding on this Court. *Sumner v. Mata*, 449 U.S. 539, 550–51, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981); *see* 28 U.S.C. § 2254(d).

Alejandro argues, with respect to both of the challenged in-court identifications, that the third of the three *Crews* elements was arrived at in violation of his constitutional rights. Specifically, Alejandro contends that he was unlawfully arrested immediately after the third rape occurred and that he was photographed without his consent prior to being released from custody. Two of the rape victims, upon being shown the photograph, identified Alejandro as the rapist. On the basis of these out-of-court identifications, Alejandro was rearrested and charged with the three rapes. The rearrest resulted in his being present at the trial and available for in-court identification. Alejandro relies on this chain of causation to theorize that the state trial judge should have suppressed the two challenged in-court identifications because Alejandro's presence at trial (and consequent availability for in-court identification) directly resulted from, and was therefore "tainted fruit" of, Alejandro's original, allegedly unlawful, arrest.

While this argument is not without theoretical appeal, the Supreme Court's decision in *Crews* strips it of any legal merit. As the Court reads the three opinions filed in that case, five members of the *Crews* Court agreed that, under *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), the defendant's presence in the courtroom, and consequent availability for in-court identification, cannot, as a matter of law, be attacked as the fruit of an illegal arrest. *Accord, United States v. Haynie*, 637 F.2d 227, 238 (4th Cir. 1980), *cert. denied*, 451 U.S. 351, 101 S.Ct. 2051, 68 L.Ed.2d 351 (1981); *United States v. Humphries*, 636 F.2d 1172, 1181 (9th Cir. 1980), *cert. denied*, 451 U.S. 988, 101 S.Ct. 2324, 68 L.Ed.2d 846 (1981); *United States v. Fitzharris*, 633 F.2d 416, 420 n.7 (5th Cir. 1980), *cert. denied*, 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981); *see United States v. Crews, supra*, 445 U.S. at 477, 100 S.Ct. at 1253 (Powell, J., concurring), 477–78 (White, J., concurring). Since Alejandro's effort here is precisely and exclusively to attack two in-court identifications on the theory that his presence in the courtroom was "tainted fruit" of an unlawful arrest, the Court must, under *Crews*, preemptorily reject Alejandro's argument that the failure of the state trial judge to suppress the two challenged in-court identifications violated his constitutional rights.[2]

### Conclusion

Alejandro's two arguments in support of his petition for a writ of habeas corpus are both without legal merit. Accordingly, his petition is dismissed.

It is so ordered.

---

2. It is unnecessary, given the Court's interpretation of *Crews*, for the Court to determine whether Alejandro's initial arrest was indeed unlawful, or for the Court to consider, in similar fashion to Part D of Justice Brennan's opinion in *Crews, see* 445 U.S. at 474–77, 100 S.Ct. at 1252 (opinion of Brennan, J.), whether any taint on the challenged in-court identifications was removed by virtue of the existence of independent circumstances that would have made Alejandro available for in-court identification even if the allegedly unlawful arrest had never occurred.