On appeal from his conviction of two counts of rape in the first degree, two counts of sodomy in the first degree and two counts of kidnapping in the first degree, appellant David Jerome Glanton submits two questions for our consideration.
 I
Appellant contends that the court erred in granting the state's motion to consolidate the trials for the six offenses with which he was charged, on the grounds that the motion and order granting it did not occur until five days before trial. This, together with the failure of the trial judge to hold a hearing before granting consolidation, is in violation of Rule 15.3 (b) of the Alabama Rules of Criminal Procedure (Temporary), a violation which appellant claims is reversible error.
Despite the disregard of the rules, we can hardly imagine a more appropriate case for consolidation for trial of a single defendant's several charges. Clearly, it is the better practice for prosecutors and judges alike to adhere strictly to the rules of procedure, particularly when those rules are as straightforward and unequivocal as the ones broken here. In appellant's case, however, there has been a reciprocal non-observance of Rule 15.3 (e). That rule provides in part:
 "[I]n the circuit court a motion to sever offenses must be made not more than seven (7) days after arraignment; . . . or, in the event the court has ordered charges to be tried jointly, pursuant to section (b), then within seven (7) days of the court's order; but in any event . . . such a motion must be made prior to the commencement of trial. . . . The right to move for severance is waived if a proper motion is not timely made." A.R.Crim.P. 15.3 (e).
The record is totally devoid of anything that could be construed as a motion to sever. The only mention of appellant's wish to have the cases tried separately is the trial judge's handwritten notation on the docket sheet of defendant's objection at the time the motion to consolidate was granted.
Notwithstanding appellant's waiver of severance, we emphasize that the charges here should unquestionably have been tried as they were. The policy underlying both state and federal rules governing consolidation is one of judicial efficiency and convenience of prosecution, enabling the courts to afford a speedy trial to as many defendants as possible. See UnitedStates v. Werner, 620 F.2d 922, 928 (2d Cir. 1980). This policy is implemented by the provision in the state rules that, in the absence of undue prejudice to the defendant, cases may be joined in an indictment and tried together if they "are based on the same conduct or are otherwise connected in their commission." A.R.Crim.P. 15.3 (a) and (b). The events which are the basis of all six charges against appellant are so inextricably bound together that it would have been virtually impossible to hold a trial on one charge without presenting evidence of all. Evidence on any one of the charges would have been admissible as part of the res gestae of the others, as the six crimes perpetrated on two victims constituted one continuous criminal transaction. See Hopkins v. State,54 Ala. App. 75, 79, 304 So.2d 629 (Ala.Crim.App. 1974). *Page 156 
Finally, appellant has demonstrated no injury or prejudice resulting from his consolidated trial. The decision whether to consolidate or sever offenses for trial rests in the sound discretion of the trial court; it should be reversed only where the defendant suffered such prejudice from his joint trial that it may be said that the trial court abused its discretion in refusing to sever. See Werner, supra, at 926; Alejandro v.Scully, 529 F. Supp. 650, 651 (S.D.N.Y. 1982); Comment, F.R.Cr.P. 14. The record sub judice presents a much stronger case for a joint trial and for deference to the trial court's decision than one in which the crimes charged are simply similar to each other. See United States v. Burkley,591 F.2d 903, 921, n. 37 (D.C. Cir. 1978), cert. denied, 440 U.S. 966,99 S.Ct. 1516, 59 L.Ed.2d 782 (1979).
Under A.R.Crim.P. 15.3 (d), the kind of prejudice that results in abuse of discretion means the kind of prejudice that results in an unfair trial. It is plain that the jury would necessarily have been exposed to the same factual matters in each of the trials, had they been severed. This renders appellant's vague assumptions of prejudice ineffectual. In the absence of a showing of prejudice or even an attempt to have the trials severed, we find no error in the trial court's actions.
 II
Appellant also contends that the court erred to reversal in admitting the testimony of one Ruth Willnitz, a victim of an attack earlier in the same month as the occurrence of the subject matter of this case. The appellant's defense was that one of the victims initiated and encouraged the sexual activity. The state called the earlier victim who testified that she had been attacked by the appellant earlier in the same month. She testified that she was compelled by him to commit sexual acts. Appellant contends that this amounts to offering evidence of another act of appellant simply to show bad character. The testimony of the earlier victim was admissible to negate appellant's defense. In Fisher v. State, 57 Ala. App. 310, 328 So.2d 311 (Ala.Crim.App. 1976), this court stated at page 318:
 "Additionally, his testimony would lead one to believe that he in no way used any force on the prosecutrix, but was an innocent victim of her lust. The testimony of Emily Lofty, that she was attacked by the same Appellant five days prior to the alleged attack upon the prosecutrix, should be relevant to show motive and intent or to rebut the appellant's defense that the act was voluntary."
In this case, the appellant contended that one of the victims initiated and encouraged the sexual activity. The testimony of the earlier victim tends to negate that contention and was consequently admissible.
This judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.