■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVARISTO APONTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered February 25, 1982, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the defendant's conviction of murder in the second degree with respect to the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant Evaristo Aponte, and his codefendants Luis Maldonado and Anderson Garcia, were charged with and jointly tried for the murders of Victor Martinez and Roberto Toro. It was the People's theory that Aponte was an accessory to the Martinez murder and fired the shotgun which killed Toro. However, our review of the record indicates that the circumstantial evidence against Aponte with respect to the Martinez murder was insufficient to support the verdict with respect to that count.

As was the case with the codefendant Maldonado (see, People v Maldonado, 126 AD2d 670, lv denied 69 NY2d 883), the circumstantial evidence placed Aponte in an automobile across the street from the building in which Garcia shot Martinez to death, but the evidence does not exclude to a moral certainty the hypothesis that Aponte did not know of Garcia's plan to kill Martinez and that he did not share Garcia's intent or purpose (see, People v Benzinger, 36 NY2d 29, 32; People v La Belle, 18 NY2d 405, 412-413). Although Aponte was with Garcia and Maldonado in the vehicle from which the shot was fired that killed Toro, this fact does not necessarily lead to the conclusion that Aponte was criminally involved in the Martinez murder (see, People v Maldonado, supra; Penal Law § 20.00). Therefore, Aponte's conviction and sentence for the Martinez murder under the first count of the indictment is reversed and that count of the indictment is dismissed.

However, with respect to the Toro murder, the inference of Aponte's guilt flows naturally and logically from the facts proved (see, People v Benzinger, supra). These facts are "inconsistent with the defendant's innocence and * * * exclude to a moral certainty every other reasonable hypothesis" (see, People v Giuliano, 65 NY2d 766, 767-768). The jury could reasonably have inferred that Aponte knew of the Martinez murder, and, with Maldonado, aided Garcia in killing the witness to that murder.

We have considered the defendant's other contentions, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.