**Evaristo APONTE, Plaintiff,**

v.

**Charles J. SCULLY, Superintendent, Green Haven Correctional Facility; Robert Abrams, New York State Attorney General; Charles J. Hynes, District Attorney, Kings County, Defendants.**

**No. 88 CV 3995.**

United States District Court, E.D. New York.

June 19, 1990.

Martin Geduldig, for petitioner.

Leonard Joblove (Charles J. Hynes, Dist. Atty., Kings County) for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is denied.

### FACTS

Petitioner and two codefendants, Luis Maldonaldo and Anderson Garcia, were charged with the murders of Victor Martinez and Robert Toro. According to the two-count indictment, petitioner was an accessory to the Martinez murder and fired the shotgun that killed Toro. By a pretrial omnibus motion dated January 20, 1981, petitioner sought a severance of the two murder counts of the indictment. The motion to sever was denied. Following a jury trial on January 27, 1982, petitioner and both codefendants were convicted in New York Supreme Court, Kings County, on two counts of murder in the second degree.

On direct appeal, petitioner's conviction was modified. Upon review of petitioner's conviction as an accessory to the Martinez murder, the New York Appellate Division found that circumstantial evidence was insufficient to sustain a guilty verdict and, on that count, the conviction was reversed. *People v. Aponte*, 135 A.D.2d 544, 521 N.Y.S.2d 766 (2d Dep't 1987).

Petitioner filed a motion to reargue the remaining count of his conviction in the New York Appellate Division, but it was denied on February 25, 1988. By order of the court dated March 11, 1988, application for leave to appeal to the New York Court of Appeals was denied. *People v. Aponte*, 71 N.Y.2d 892, 527 N.Y.S.2d 1001, 523 N.E.2d 308 (1988).

Having exhausted his state remedies, petitioner now seeks a federal writ of habeas corpus in this Court alleging: (1) improper joinder; (2) change of the State's theory of guilt at the appellate level; (3) prosecutorial misconduct; (4) ineffective assistance of counsel; and (5) evidence improperly admitted at trial.

### DISCUSSION

#### I. IMPROPER JOINDER

Petitioner claims that the two counts of murder were improperly joined, depriving him of a fair trial as guaranteed by the fourteenth amendment.[1]

The decision to grant a severance motion is entrusted to the sound discretion of the trial court, and will be reversed on appeal only when a defendant has suffered such substantial prejudice from a joint trial of two or more counts as to show an abuse of discretion. *Alejandro v. Scully*, 529 F.Supp. 650, 651 (S.D.N.Y.1982). *See United States v. Werner*, 620 F.2d 922 (2d Cir.1980). Nothing in the record shows any such abuse of trial court discretion.

---

**1.** New York Criminal Procedure provides that two or more offenses are properly joined when they are:

of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second,

or proof of the second would be material and admissible as evidence in chief upon a trial of the first.

N.Y.Crim.Proc. Law § 200.20(2)(b) (McKinney 1982).

According to the record, petitioner and codefendant Maldonaldo threatened to kill Martinez during an argument over drug money. *People v. Maldonado*, 126 A.D.2d 670, 671, 510 N.Y.S.2d 712, 713, (2d Dep't 1987). The following day, November 10, 1980, codefendant Garcia approached petitioner and Maldonaldo, who were seated in a parked car across from 136 South 2nd Street in Brooklyn. Garcia then entered the building at 136 South 2nd Street with both victims, Martinez and Toro. Shortly thereafter, Toro rushed out of the building and Garcia, armed with a small caliber pistol, followed. Garcia and Toro entered a van and drove away. Maldonaldo and petitioner followed in their car. Martinez was found dead in the empty apartment. *Id.*, 126 A.D.2d at 671–672, 510 N.Y.S.2d at 713–714.

The record further discloses that on November 11, 1980, petitioner was sitting in the driver's seat of a car; also seated in the car were the two codefendants. As the next victim, Toro, walked down the street and came within six feet of the car, someone fired a gun and killed Toro. The gunshot appeared to come from the driver's side of the car. *Maldonado*, 126 A.D.2d at 672, 510 N.Y.S.2d at 714.

■ As a matter of sound discretion, the trial judge properly denied a motion to sever the two charges. Indeed, two distinct criminal transactions are properly joined if evidence of one crime is material and establishes motive with respect to another crime. Petitioner claims that the connection between the two murder charges "was entirely too speculative to justify the prejudicial impact created by joinder." Petitioner's Mem. at 19. Disposing of the case, however, in a single proceeding "conserves judicial resources, alleviates the burdens on citizens serving as jurors, and avoids the necessity of having witnesses reiterate testimony in a series of trials." *United States v. Borelli*, 435 F.2d 500, 502 (2d Cir.1970), *cert. denied*, 401 U.S. 946, 91 S.Ct. 963, 28 L.Ed.2d 229 (1971). It is especially difficult " 'to justify the disintegration of a trial ... in which there is a cohesion of crime alleged, defendants

charged and proof adduced.' " *United States v. Persico*, 621 F.Supp. 842, 852 (S.D.N.Y.1985) (quoting *United States v. Kahn*, 381 F.2d 824, 840 (7th Cir.), *cert. denied*, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967)).

■ To succeed on a claim for a federal writ of habeas corpus, petitioner must show that the joint trial was so prejudicial as to actually render petitioner's state trial fundamentally unfair and, hence, violative of due process. *Alejandro*, 529 F.Supp. at 651 (citing *Tribbitt v. Wainwright*, 540 F.2d 840, 841 (5th Cir.1976), *cert. denied*, 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587 (1977)); *Melchior v. Jago*, 723 F.2d 486, 491 (6th Cir.1983), *cert. denied*, 466 U.S. 952, 104 S.Ct. 2156, 80 L.Ed.2d 542 (1984). Because petitioner has not demonstrated prejudice sufficient to show an abuse of trial court discretion or a deprivation of due process, the joining of the two charges cannot be the basis for a writ of habeas corpus.

## II. CHANGE OF THE STATE'S THEORY OF GUILT AT THE APPELLATE LEVEL

Petitioner claims that his constitutional right of due process was violated when the state, on appeal, changed its theory of petitioner's guilt regarding the Toro murder. According to *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948), a change in the state's theory of guilt at the appellate level amounts to a violation of due process under the fourteenth amendment.

■ Petitioner's reliance upon *Cole* is misplaced. In *Cole*, the Supreme Court held that defendants were denied due process when they were tried and convicted for one offense, but the state appellate court affirmed the convictions on the ground that the evidence established guilt of a separate offense, one for which they were not tried. Here, by contrast, the New York Appellate Division affirmed the petitioner's conviction for the Toro murder, a crime for which he was tried and convicted.

Petitioner claims that, at trial, the state argued that petitioner killed Toro to silence him about the Martinez murder and, on appeal, argued that he murdered to protect Garcia, the murderer of Martinez. The Court finds this to be a distinction without a difference. By murdering Toro, petitioner silenced him about the Martinez murder; that silence also protected Garcia. The two statements are not two different theories of conviction.

## III. PROSECUTORIAL MISCONDUCT

### A. Prosecutor's Argument Linking Petitioner To Both Murders

■ Petitioner argues that he was prejudiced by the prosecutor's argument to the jury that petitioner was guilty of the Martinez murder. Prejudice, according to petitioner, exists because that murder conviction was subsequently reversed by the Appellate Division. This Court has already found the joint trial of both murder counts proper. Petitioner now challenges the prosecutor's conduct at trial in arguing that both murders were connected to petitioner.

The knowing use of false evidence by the government obviously denies due process. For example, it is quite clear that a prosecutor cannot display a pair of stained undershorts to a jury, alleging them to be stained with blood of the victim's blood type, knowing the shorts were stained only with paint. *Miller v. Pate*, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967). The fourteenth amendment will not tolerate a state criminal conviction obtained by the knowing use of false evidence. *Id.* 87 S.Ct. at 788. Petitioner has not shown that the prosecutor knew that petitioner was not a part of the Martinez murder or knowingly used any false evidence linking him to that murder.

■ Absent showing of false evidence, petitioner must show that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (citations omitted). *See Donnelly v. DeChristoforo*, 416 U.S. 637,

642–643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Garofolo v. Coomb*, 804 F.2d 201, 206 (2d Cir.1986). The factors the Court must consider include "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir.1981), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).

The trial record reveals no dialogue, comment or argument by the prosecution which can be characterized as improper. Moreover, the trial court's instructions to the jury directed them to deliberate and reach separate verdicts on each count and not to consider the attorneys' opening statements and summations as evidence. Tr. at 1230, 1246–50. Considered in full context, the prosecutor's arguments linking petitioner to both murders did not deprive him of a fair trial.

### B. Prosecutor's Reference To Other Witness Testimony

■ Petitioner separately challenges that part of the prosecutor's summation referring to Ralph Perez, a person interviewed by the police after the murder. The Assistant District Attorney argued:

> At the station house they talk to Ralph Perez and they talk to him, and he says, "Listen", from the very beginning, "Listen, I can't talk to you. They will kill me." And they said, "Who's going to kill you?" "No, they're going to kill me. I can't say."

Tr. at 1116.

Under the same standard announced in *Darden, supra,* the Court can find no actionable misconduct. The prosecutor merely restated prior trial testimony that, ironically, was first elicited by petitioner's attorney on cross-examination of witness Detective Jerry Magliolo. In that context, and in light of the trial judge's instruction that summations are not evidence, this reference to prior witness testimony did not so infect the trial with unfairness as to make

the resulting conviction a denial of due process. *Id.* at 181.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his motion for habeas relief, petitioner also includes the now near-obligatory charge of ineffective assistance of counsel. To establish ineffective assistance of counsel, petitioner must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must first show that his counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064.

■ Petitioner claims that he was denied his right to effective counsel because his attorney did not call three prospective witnesses at trial.

First, petitioner claims that his trial attorney should have called Luz Virella as a witness on his behalf. At a post-trial hearing on a motion to vacate the judgment, Virella testified that petitioner dropped her off at her apartment on the day of the Toro murder at approximately twelve noon. Because Toro was murdered around twelve noon, petitioner claims it was ineffective of his counsel not to call Virella as an alibi witness. According to Virella's own testimony, her apartment was one and a half blocks away from the scene of the shooting. Tr. at 23. Virella also had a romantic involvement with petitioner, which undercuts her credibility. *Id.* Thus, I cannot conclude that petitioner has overcome the strong presumption that counsel's conduct fell within the wide range of acceptable professional assistance.

Second, petitioner claims that his trial attorney should also have called Johnny Soto as a witness. Petitioner alleges that Soto would have given testimony exculpatory to petitioner, while tending to inculpate another witness who testified at trial for the prosecution. Petitioner's trial attorney, called as a witness at the post-trial hearing, recalled that he had interviewed Soto prior to trial. The trial attorney remembered that Soto's statement contradicted the statements of Elizabeth Estrada,

another defense witness at trial. This decision by petitioner's trial attorney is certainly reasonable and falls within the wide range of acceptable professional assistance.

Finally, petitioner claims that Ismael Rodriguez should have been called as a trial witness for the defense. At the time of the trial, however, Rodriguez was in Puerto Rico. At the same post-trial hearing, Rodriguez admitted that he did not pay attention to the car involved in the Toro killing. Any help from his testimony would therefore have been minimal at best, and, I need only observe, carried the added risk of a witness burdened with a lengthy criminal record.

Complaints of uncalled witnesses are not favored on federal habeas review. *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir.1987); *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir.1985); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984). As to all three potential witnesses, petitioner has failed to overcome the strong presumption that his counsel's actions were reasonable.

## V. EVIDENCE IMPROPERLY ADMITTED AT TRIAL

Petitioner claims that twice during trial, evidence was improperly admitted by the trial judge. First, petitioner claims that a portion of testimony by Lisa Rizzo, a state witness, was inadmissible hearsay. Second, petitioner argues that a portion of Detective Jerry Magliolo's testimony was so prejudicial that the trial court should not have allowed it into evidence.

■ To be successful on these claims, petitioner bears a heavy burden; mere evidentiary errors generally do not rise to constitutional magnitude. *Jenkins v. Bara*, 663 F.Supp. 891, 899 (E.D.N.Y.1987); *see Underwood v. Kelly*, 692 F.Supp. 146, 150 (E.D.N.Y.1988), *aff'd without opinion*, 875 F.2d 857 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 117, 107 L.Ed.2d 79 (1989). If evidence is erroneously admitted, the issue becomes "whether the erroneously admitted evidence, viewed objectively in the light of the entire record before the jury, was sufficiently material to

provide the basis for a conviction or to remove a reasonable doubt that would have existed on the record without it." *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir.1985); *see Carroll v. Hoke*, 695 F.Supp. 1435, 1440 (E.D.N.Y.), *aff'd*, 880 F.2d 1318 (2d Cir. 1989); In short, the evidence must have been crucial, critical or highly significant. *Collins*, 755 F.2d at 19 (citing *Nettles v. Wainwright*, 677 F.2d 410, 414–15 (5th Cir. 1982)).

Even assuming the disputed testimony was erroneously admitted into evidence, the Court cannot conclude that the error was sufficiently substantial to warrant a writ of habeas corpus.

### A. *Improper Admission of Hearsay*

■ Concerning the disputed hearsay testimony of Lisa Rizzo, she testified that another person, Jeanette Muniz, told her that the man who brushed past Rizzo on a staircase at 136 South 2nd Street on November 10—just before Rizzo discovered the body of Martinez—was Toro, the man who was shot the following day.

Petitioner argues that this inadmissible testimony was damaging and prejudicial because it links the Martinez and Toro murders together. None of the three defense attorneys made a contemporaneous objection. Absent any objection, the trial court had no opportunity to rule on admissibility. Applying the two-fold *Collins* standard, the Court does not find that the alleged hearsay was so critical as to amount to a constitutional deprivation. The court does not find that testimony to provide a material basis for conviction or to remove an otherwise existing reasonable doubt from the record. *Id.* at 19.

■ Petitioner separately argues that admitting Rizzo's hearsay testimony violated the Confrontation Clause of the sixth amendment. The Confrontation Clause affords two essential protections to the criminal defendant, namely, the right to face physically those who testify against him and the right to conduct cross-examination. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987); *see Pointer v. Texas*, 380 U.S. 400, 404, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965).

Muniz, the alleged declarant, was also a witness at trial; and she denied making the statements to Rizzo. Because petitioner had the opportunity to confront Muniz and question her about the alleged hearsay statement, no violation of the Confrontation Clause arose. *U.S. v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) (no violation of the Confrontation Clause if hearsay declarant was present at trial, takes an oath, is subject to cross-examination, and the jury has an opportunity to observe his demeanor).

### B. *Prejudicial Testimony Erroneously Admitted*

■ Petitioner claims that he was wrongly prejudiced by testimony elicited from Detective Jerry Magliolo. Apparently, Detective Magliolo interrogated a man named Ralph Perez concerning the Toro murder. Magliolo testified that, at the beginning of the interrogation, Perez did not say anything except that "he was frightened to death, that [the killers] were bad people and he did not want to get involved." Tr. at 573. In applying *Collins*, this Court, again, cannot label the admitted evidence sufficiently substantial to have denied petitioner a fair trial. It was petitioner's own attorney on cross-examination of Magliolo who first elicited the testimony in question. Petitioner cannot now claim that he was prejudiced by the prosecutor's re-direct on the same subject.

On review of the record, such testimony, "viewed objectively in light of the entire record before the jury," did not provide a material basis for conviction. Moreover, Magliolo's testimony did not remove a reasonable doubt that would have otherwise existed on the record. *Collins*, 755 F.2d at 19.

### CONCLUSION

Accordingly, the petition for a writ of habeas corpus must be, and hereby is, denied.

SO ORDERED.