■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES TAYLOR, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 18, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was accused and now stands convicted of robbery in the first degree for having aided and abetted two other individuals in a gunpoint robbery which occurred at the Sun Wah Restaurant, located on Hempstead Turnpike in Uniondale, New York. The defendant, who was apprehended while driving the "getaway" vehicle, contends that the judgment of conviction must be reversed since the prosecution failed to establish that he intended to commit the crime or that he intended to assist in its execution. We agree.

It is well settled that in order to hold an alleged accessory liable for the crime committed by the principal actors, the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principals (see, Penal Law § 20.00; People v La Belle, 18 NY2d 405; People v Hayes, 117 AD2d 621, lv denied 68 NY2d 668; People v Capella, 111 AD2d 179). While the prosecution established that the defendant may have unwittingly aided the principal actors to the extent that he

drove them away from the scene of the crime, proof that the defendant harbored any intent to commit robbery or that he intentionally aided in the perpetration thereof was lacking in this case. Indeed, the evidence, when considered in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), established nothing more than that the defendant drove the vehicle in which the actual perpetrators were discovered and ultimately apprehended. The defendant's conviction, however, cannot be premised on the mere fact that he was present in the automobile, without further proof that he assumed a purposeful role in the crime or that he intended its result (see, People v Cummings, 131 AD2d 865, 867). "Without adequate proof of a shared intent with the principal actor[s] there is no community of purpose and, therefore no basis for finding [that the] defendant acted in concert with the actual [perpetrators]" (see, People v McLean, 107 AD2d 167, 169, affd 65 NY2d 758).

The record in this case is devoid of evidence that the defendant "knew beforehand of, much less [intentionally] participated in" the robbery at the Sun Wah Restaurant (see, People v Cummings, supra, at 867). This conclusion is buttressed, inter alia, by the exculpatory testimony of Andre John, one of the perpetrators of the robbery, who stated that the defendant knew nothing about the robbery.

In light of our determination that the indictment must be dismissed, the defendant's remaining contentions need not be addressed. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.