■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL M. MIDDLETON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered May 4, 1983, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The testimony established that Peggy Eaddy, an eyewitness to the robbery, identified the defendant as the perpetrator. Eaddy had known the defendant for approximately 10 years prior to the July 3, 1980 robbery. The victim, who also had an opportunity to see the face of the perpetrator under very good lighting conditions, was certain that the defendant was his attacker. While there were slight discrepancies between the testimonies of Eaddy and the victim as to how long they had been in the parking lot prior to the robbery, "[m]inor discrepancies between the testimony of witnesses is not sufficient to show that a witness's testimony was incredible as a matter of law" *(People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133).

We also disagree with the defendant's contention that the trier of fact did not give proper weight to the testimony of his alibi witnesses. As the court found, the alibi witnesses testified truthfully, but they were not sure as to the time and date that they were with the defendant. In fact, it was the defendant who spoke with them and told them that he was being accused of a robbery which occurred on the day and at the time that he was with them. Resolution of the issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94).

Furthermore, the mere fact that a person named Mario Gilbert allegedly confessed to having committed the robbery does not exculpate the defendant *(see, People v Kennedy,* 47 NY2d 196). First, the circumstances under which the purported confession was made do not indicate that the declarant had competent knowledge of the facts underlying the statement. At the time Mario Gilbert allegedly confessed to having committed the robbery, he was being held for another robbery which occurred on the same date and at approximately the same time as this robbery. Also while both the victim and the eyewitness testified that the robber in this case had a gun, Mario Gilbert, in his out-of-court confession, said no weapon was involved. The victim had known Mario Gilbert for at least 10 years and, in fact, the two were friends, yet he testified that Gilbert was not the robber. Thus, circumstances indepen-

dent of the purported confession do not attest to its trustworthiness and reliability *(see, People v Settles,* 46 NY2d 154).

We also disagree with the defendant that the exclusion of the testimony of Robert Tate was error. That testimony was hearsay which did not fall within any known exception to the rule against hearsay. Although the defendant contends that the testimony was intended to establish his state of mind, it was being offered to prove the truth of the statement that the defendant had told Tate that he was being accused of a crime he did not commit *(see, People v Sostre,* 70 AD2d 40, *affd* 51 NY2d 958). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.