■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered February 1, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To sustain a conviction for robbery in the second degree based upon accessorial liability, the evidence, when viewed in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime (see, Penal Law § 20.00; People v La Belle, 18 NY2d 405; People v Taylor, 141 AD2d 581; Matter of John G., 118 AD2d 646; People v Hayes, 117 AD2d 621).

The evidence adduced at trial through the victim's testimony was that the defendant grabbed the victim and dragged him around the corner and beat him about the face resulting in a broken jaw. While hitting the victim, the defendant unzipped the victim's jacket, while a second unapprehended man held a gun to the victim's back and stripped him of his belongings. Because a rational trier of fact would have been warranted in crediting the testimony of the victim and because the testimony adduced at trial was more than sufficient to establish the elements of robbery in the second degree, there is no basis for disturbing the verdict (see, People v Mustafa, 132 AD2d 628, 629; People v Molina, 127 AD2d 796, 797).

Furthermore, defendant's contention that he did not share in the other man's intent to commit a robbery, but intended only to assault the victim was discredited by the jury (see,

*People v Raphael,* 134 AD2d 535). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.