■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK DELACE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered January 5, 1988, convicting him of robbery in the first degree (eight counts), robbery in the second degree (four counts), criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fifth degree (four counts), under Indictment No. 597/87, upon a jury verdict, and two judgments of the same court, both rendered February 25, 1988, convicting him of reckless endangerment in the first degree under Indictment No. 587/87, and assault in the second degree under Indictment No. 2412/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgment under Indictment No. 597/87 is reversed, on the law, and a new trial is ordered; the facts have been considered and are determined to have been established; and it is further,

Ordered that the judgments under Indictment Nos. 587/87 and 2412/87 are reversed, the defendant's pleas of guilty to those indictments are vacated, and the matters are remitted to the Supreme Court, Queens County, for further proceedings on the indictments.

The record reveals that, during the trial of Indictment No. 597/87, the prosecution was in possession of written notes concerning a police interview with a prosecution witness who

subsequently testified at trial. However, the existence of these notes was not disclosed until after trial. Inasmuch as the notes constituted *Rosario* material, the prosecution's failure to turn them over during trial constituted per se reversible error *(see, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56). Accordingly, we reverse and remit the matter for a new trial.

Moreover, we find that defendant's pleas of guilty on Indictment No. 587/87 and Indictment No. 2412/87, having been induced by the understanding that the sentences would be concurrent with the sentence imposed for his conviction under Indictment No. 597/87, now set aside, must be vacated *(see, People v Fuggazzatto,* 62 NY2d 862, 863; *People v Clark,* 45 NY2d 432, 440).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.