■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WHITE, Also Known as PAUL BAKER, Also Known as DARREN WHITE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 1, 1986, convicting him of robbery in the second degree (two counts), unlawful imprisonment in the second degree, and assault in the third degree, under Indictment No. 4983/85, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered January 15, 1987, convicting him of robbery in the second degree under Indictment No. 510/86, upon his plea of guilty, and imposing sentence.

Ordered that the judgment rendered December 1, 1986, is modified by vacating the convictions of robbery in the second

degree and dismissing those counts of Indictment No. 4983/85; as so modified, the judgment rendered December 1, 1986, is affirmed; and it is further,

Ordered that the judgment rendered January 15, 1987, is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on Indictment No. 510/86.

The defendant was convicted, under Indictment No. 4983/85, upon a jury verdict, of robbery in the second degree (two counts), unlawful imprisonment in the second degree, and assault in the third degree for having aided and abetted two other individuals in abducting, striking, and robbing the complainant. The defendant, the driver of the vehicle in which the complainant was abducted, contends that his convictions of robbery in the second degree pursuant to that indictment must be reversed since the prosecution failed to establish that he intended to commit that crime. We agree.

It is well settled that in order to hold an alleged accessory liable for the crime committed by the principal actors, the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, i.e., in this case robbery in the second degree, and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principals (see, Penal Law § 20.00; *People v La Belle,* 18 NY2d 405; *People v Taylor,* 141 AD2d 581). The evidence, when considered in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), established only that the defendant aided the principal actors to the extent that he struck and helped to abduct the complainant. However, the robbery convictions could not be established without further proof that the defendant assumed a purposeful role in the commission of those crimes or that he intended their result (see, *People v Taylor, supra,* at 582; *People v Cummings,* 131 AD2d 865, 867). Without adequate proof of a shared intent with the principal actors, there is no community of purpose and, therefore, no basis for finding that the defendant acted in concert with the actual perpetrators (see, *People v Taylor, supra,* at 582).

Moreover, we find the defendant's plea of guilty on Indictment No. 510/86, having been induced by the understanding that the sentence would be concurrent with the sentence imposed for his conviction under Indictment No. 4983/85, must be vacated in light of our disposition of the defendant's convictions of robbery in the second degree under that indict-

ment *(see, People v Boston,* 75 NY2d 585; *People v Clark,* 45 NY2d 432; *People v Delace,* 174 AD2d 688). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.