■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WYLIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 11, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order to hold an alleged accessory liable for the crime committed by the principal actor, the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405; *People v Taylor,* 141 AD2d 581; *Matter of John G.,* 118 AD2d 646). Thus, the question here is whether the evidence adduced at trial sufficiently proved that the defendant "intentionally aided" his codefendant, Christopher Lyons, in the sale of cocaine to the undercover officer, as opposed to the defendant merely providing assistance "believing it probable" that he was rendering aid to his codefendant *(see,* Penal Law § 115.00; *People v Kaplan,* 76 NY2d 140, 146). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the People established that the undercover officer approached the defendant, who was standing approximately three feet away from the codefendant Lyons, and asked the defendant if he was working, to which the defendant responded, "Yes". The undercover officer told the defendant he needed "two nickels", to which the defendant responded by nodding his head and pointing to Lyons, who, without any further instruction, went to a nearby tree and retrieved 2 vials of cocaine. Clearly the defendant's actions imported goal-directed conduct, the goal being to sell cocaine to the undercover officer. Unquestionably, the defendant's response to the undercover officer's request for "two nickels" demonstrated an intent to sell drugs to the undercover officer. That the defendant neither negotiated nor physically handed the drugs over does not affect his liability as an accomplice *(see, People v Kaplan, supra,* at 146-147).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.