■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENALDO RAYSIDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 25, 1990, convicting him of criminal possession of a weapon in the third degree and escape in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On March 3, 1989, at about 12:30 A.M., Police Officers Cecchini and Machate were on routine patrol when they saw a group of men, one of whom had a bulge in his waistband. Cecchini pulled over and Machate exited the police car. For reasons not disclosed by the record, Machate suddenly ran down the street and Cecchini followed in the patrol car. As they rounded the corner, Machate pointed to an illegally-parked car with two occupants. Cecchini exited his vehicle and

as they approached the car, he saw the passenger-side door open and heard a metallic object drop. Cecchini yelled to Machate that he thought the people in the car had a gun. Cecchini shouted "Police, don't move", went to the passenger side of the car, and removed the passenger, later identified as Kurt Haneiph. At the same time, Machate removed the defendant from the driver's side. As he was frisking Haneiph, Cecchini noticed a handgun underneath the car, about one foot from the passenger door. Meanwhile, Machate and the defendant were struggling. According to Cecchini, the defendant shot and killed Machate, apparently with Machate's gun, and then fired four shots at Cecchini. Cecchini fired some shots back at the defendant as he fled. Shortly thereafter, the defendant and Haneiph were apprehended.

The defendant was charged, *inter alia,* with murder in the first degree for causing the death of Machate, attempted murder in the first degree and attempted murder in the second degree for shooting at Cecchini, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree in connection with Machate's gun, criminal possession of a weapon in the third degree for possessing the handgun found under the car, and escape in the second degree. The jury acquitted the defendant of all charges except for criminal possession of a weapon in the third degree for possessing the handgun found underneath the car and escape in the second degree.

On appeal, the defendant contends that the evidence was legally insufficient to convict him of criminal possession of a weapon in the third degree. We agree. None of the pertinent evidence connected the defendant to the handgun discovered under the car. The gun was dropped from the passenger side of the car. As in *People v Cummings* (131 AD2d 865, 868), "the People failed to establish that the defendant actually had physical possession of the weapon at some point in time or that he had exercised dominion or control over the weapon. The defendant was never seen with the gun and there was no evidence adduced to suggest that * * * he was aware of its existence, or that he knew, in advance, that someone in the car was in possession of the weapon". The People's reliance on the acting-in-concert theory is unavailing, since there was no proof that the defendant solicited, requested, commanded, importuned, or intentionally aided Haneiph to possess the gun (*see,* Penal Law § 20.00; *People v Cummings, supra,* at 868). Accordingly, the criminal possession of a weapon in the third degree count must be dismissed.

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.