■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SKINNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 6, 1990, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of fact have been raised or considered.

On February 10, 1989 at about 10:00 P.M., the defendant and two other men approached a woman on the steps of 280 Herkimer Street in Brooklyn. The defendant told the woman to leave the area because something was going to happen and he did not want her to get hurt. The woman complied and, after going to a nearby store, she returned and saw the defendant pacing on the sidewalk while the two other men stood on the steps of 280 Herkimer. The woman then went to 260 Herkimer, the building next door to 280 Herkimer, and sat on the steps. Approximately one-half hour after the defendant had warned her to leave, she observed the victim being shot many times on the walkway leading to 280 Herkimer.

In connection with this incident, the defendant was charged with murder in the second degree and two counts of criminal possession of a weapon in the second degree; one count with respect to the gun he allegedly possessed, and one count with respect to the gun allegedly possessed by one of the defendant's companions. At trial, the woman witness testified that she saw the defendant shooting at the victim with a handgun, and that she saw one of the defendant's companions, whom she knew as "Kool-Aid", also shooting at the victim with a larger gun which he held with both hands. However, she could not see whether the third man also had a gun. After hearing the shots, the woman ran into 260 Herkimer and from a third-floor window saw Kool-Aid and the third man running from the scene, but did not see where the defendant went. After trial, the defendant was acquitted of murder in the second degree and one charge of criminal possession of a weapon with

respect to the gun he had allegedly possessed. However, he was convicted, as an accomplice, of the charge of criminal possession of a weapon with respect to the gun allegedly possessed by Kool-Aid.

On appeal, the defendant argues that the evidence was not sufficient to prove his guilt beyond a reasonable doubt. We agree. Although the defendant's conduct suggested that he may have known that Kool-Aid had a gun, there was no proof that the defendant solicited, requested, commanded, importuned, or intentionally aided him to possess the gun *(see,* Penal Law § 20.00; *People v Rayside,* 187 AD2d 680; *People v Cummings,* 131 AD2d 865, 868). Therefore, the defendant's conviction for criminal possession of a weapon in the second degree is reversed and the indictment is dismissed.

In light of this result, we need not address the defendant's remaining contentions. Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.