■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant. [605 NYS2d 702] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 6, 1992, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The jury could reasonably have concluded that the defendant, knowing that his codefendant Juan Orengo was in possession of a handgun, actively encouraged Orengo to chase a third man into a bodega and to kill him. When Orengo exited from the bodega, the defendant fled the crime scene with him. The defendant was convicted, on an acting in concert theory, of criminal possession of a weapon in the second degree for possessing the loaded handgun with the intent of using it unlawfully against another.

On appeal, the defendant argues that the evidence was not legally sufficient to prove his guilt. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's conduct showed that he was aware that his codefendant possessed a handgun. The evidence further established that the defendant "solicit[ed], request[ed], command[ed], importune[d], or intentionally aid[ed]" his codefendant in the possession of the handgun and shared his intent to use it unlawfully against the victim (Penal Law § 20.00; *cf., People v Skinner,* 190 AD2d 761, 762; *People v Rayside,* 187 AD2d 680, 681 [where the defendants had either no knowledge of the gun's existence and/or no direct connection with the gun used in the crimes]).

The defendant's sentence is not excessive.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.