■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN BREEDEN, Appellant. [632 NYS2d 849] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 25, 1993, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[I]n order to hold an accessory liable for the crime committed by the principal actor, the People must establish, beyond a reasonable doubt, that the accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal" *(People v Cummings,* 131 AD2d 865, 866; *see also,* Penal Law § 20.00; *People v Skinner,* 190 AD2d 761).

The testimony of the defendant's accomplices as well as the defendant's videotaped statement establishes that the defendant was aware of the plan to kill the deceased and that he played a role in the plan. The defendant's role was to act as a decoy in order to divert the attention of the deceased from the defendant's accomplices so that they could get close to the deceased and shoot him. The defendant admitted that he knew that his accomplices possessed guns and that the guns were for the specific and expressed purpose of shooting the deceased. The record establishes that the defendant asked to be allowed to play a more active role in the plan to kill the deceased but that he was refused. Thus, the evidence clearly establishes that the defendant possessed the mental culpability necessary to commit the crime charged, i.e., to possess a gun and to use it unlawfully against another, and that, in furtherance thereof, he intentionally aided his accomplices.

It was not necessary for the jury to find that the defendant possessed the requisite intent to commit murder, attempted

murder, or assault before convicting him of criminal possession of a weapon in the second degree *(see, People v Taylor,* 121 AD2d 581, 582; *People v Evans,* 106 AD2d 527). "[I]n many cases * * * there may be sufficient evidence to prove the intent to use the weapon unlawfully but not enough evidence to prove a second crime" *(People v Evans, supra,* at 532).

There is no merit to the defendant's contention that the testimony of certain witnesses is incredible. A witness's testimony is not rendered incredible as a matter of law merely because the witness has previous criminal convictions *(see, People v Beard,* 197 AD2d 582; *People v Walcott,* 171 AD2d 767; *People v Yard,* 170 AD2d 631). Moreover, any inconsistencies in the testimony of the witnesses in this case are clearly insufficient to warrant reversal *(see, People v Middleton,* 143 AD2d 1053).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.