■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANFORD BUTLER, Appellant. [633 NYS2d 551] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Juviler, J.), rendered April 6, 1993, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that there was legally insufficient evidence supporting his conviction because the testimony of an eyewitness to the crime was incredible as a matter of law is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The fact that an eyewitness has a criminal history will not render that witness's testimony incredible as a matter of law *(see, People v Walker,* 215 AD2d 607), especially when the criminal history is fully explored before the jury. In addition, any minor inconsistency in the witness's testimony regarding tangential matters will not render the witness's testimony incredible as a matter of law *(see, People v Walker, supra; People v Stackhouse,* 201 AD2d 686). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The imposition of consecutive sentences for murder in the second degree and assault in the second degree was not illegal *(see,* Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361; *People v Sumpter,* 203 AD2d 605).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.