■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALMONTE, Appellant. [637 NYS2d 168] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered July 23, 1992, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of murder in the second degree under the first count of the indictment and criminal possession of a weapon in the second degree under the fifth count of the indictment, vacating the sentences imposed thereon, and dismissing the first count of the indictment charging the defendant with murder in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the fifth count of the indictment charging the defendant with criminal possession of a weapon in the second degree.

The defendant confessed that he participated in the robbery of a car dealer in Queens. He admitted to having previously agreed to drive one of the cars which were to be stolen, and to having in fact later driven a Toyota Supra away from the scene of the crime, together with two of his accomplices, Jose "Chelo" Placencia and Glenn Rodriguez, as his passengers (see, People v Rodriguez, 223 AD2d 605 [decided herewith]; People v Placencia, 223 AD2d 605 [decided herewith]). The defendant also admitted to having known that "Chelo" had a gun. The defendant's connection to the robbery, during the course of which a non-participant in the crime was shot and killed, was further established when various car parts discovered in his residence were matched to the stolen Toyota.

On appeal, the defendant argues that the prosecutor engaged in misconduct in her cross-examination of a fourth accomplice, Jose Santos, whom she had called to the stand despite his refusal to testify. The prosecutor, under guise of cross-examination, alluded to the substance of a prior statement made by Mr. Santos, in which he had indicated that the defendant was present when the victim was shot, a fact which is not inferrable from the defendant's own statement.

We agree with the defendant that this method of cross-examination was improper. We may also assume, as argued in the defendant's supplemental pro se brief, that this misconduct constituted a violation of the defendant's right to confront the witnesses against him (see, US Const 6th Amend; Douglas v Alabama, 380 US 415; see also, Cruz v New York, 481 US 186; Bruton v United States, 391 US 123; People v Eastman, 85 NY2d 265). The fact remains that there is no reasonable pos-

sibility that the verdict, insofar as it convicted the defendant of robbery and felony murder under the third count of the indictment, was affected by this error (see, Schneble v Florida, 405 US 427; People v Eastman, supra; People v Hamlin, 71 NY2d 750). The defendant admitted his participation in the robbery in a relatively verbose and uninhibited confession, and his involvement was corroborated by objective evidence. The same cannot be said with respect to the verdict insofar as it convicted the defendant of criminal possession of a weapon in the second degree. His admitted awareness of the presence of a weapon in the hands of one of his accomplices shortly before the commencement of the robbery does not automatically establish his guilt of this crime (see, People v DiNicolantonio, 74 NY2d 856, modfg 140 AD2d 44; People v Skinner, 190 AD2d 761; People v Cummings, 131 AD2d 865, 868). Therefore, the error cannot be deemed harmless as to the defendant's conviction of criminal possession of a weapon in the second degree, warranting a new trial on that count of the indictment.

We agree with the defendant that the evidence was not legally sufficient to support his conviction of murder in the second degree under the first count of the indictment based on the intentional killing of the victim. The judgment appealed from is modified accordingly.

The defendant's remaining contentions are without merit. Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.