■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PEREZ, Also Known as PEDRO ACOSTA, Appellant. [636 NYS2d 1022] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (McKay, J.), imposed September 19, 1994.

Ordered that the sentence is affirmed.

Appellate review of the issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the sentence is affirmed (*see, People v Callahan*, 80 NY2d 273; *People v Seaberg*, 74 NY2d 1). Mangano, P. J., Balletta, Sullivan, Santucci and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PLACENCIA, Appellant. [637 NYS2d 170] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered June 4, 1992, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Friedmann, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, there was no "unnecessary delay" in his arraignment (CPL 140.20 [1]; *see, People v Wilson*, 56 NY2d 692; *People v Blake*, 35 NY2d 331; *People v Quartieri*, 171 AD2d 889; *People v Cooper*, 101 AD2d 1).

The defendant's confession was voluntary and does not warrant suppression (*see, People v Ortlieb*, 84 NY2d 989).

The defendant pleaded guilty with the understanding that he would receive a sentence within a certain scope; such a sentence was thereafter imposed. Under the circumstances of this case, the defendant has no basis to now complain that his sentence is excessive (*see, People v Gelzer*, 212 AD2d 630; *People v Kazepis*, 101 AD2d 816). Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.