■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BARTELLO, Appellant. [665 NYS2d 281] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered April 7, 1994, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and have been determined to have been established.

The defendant's contention that there was legally insufficient evidence supporting his conviction because the complainant's testimony was incredible as a matter of law is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Cannon,* 224 AD2d 439). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60

NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The fact that the complainant has a criminal history will not render his testimony incredible as a matter of law (*see, People v Breeden,* 220 AD2d 761, 762), especially where such history was fully explored before the jury (*see, People v Butler,* 221 AD2d 458; *People v Walker,* 215 AD2d 607). Further, minor inconsistencies in the complainant's testimony will not render his testimony incredible as a matter of law (*see, People v Rose,* 224 AD2d 643). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, as the People correctly concede, the defendant's conviction must be reversed and a new trial ordered since the trial court improperly curtailed defense counsel's cross-examination of the complainant. This error deprived the defendant of his right to present a defense in that it precluded the questioning of the complainant about the specific events of the purported crime in an effort to discredit the complainant's version of those events (*see, People v Rufrano,* 220 AD2d 701).

In light of our determination, we need not reach the defendant's remaining contentions. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.