**Jose ALMONTE, Petitioner–Appellant,**

v.

**Glenn S. GOORD, Commissioner,
Respondent–Appellee.**

Docket No. 01–2468.

United States Court of Appeals,
Second Circuit.

Feb. 11, 2002.

Mitchell A. Golub (Christopher P. Brundage on the brief), Golub & Golub, LLP, New York, NY, for Appellant.

Michael Tarbutton, Assistant District Attorney, Queens County (Richard A. Brown, District Attorney, John M. Castellano, Assistant District Attorney, on the brief), Kew Gardens, NY, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Petitioner Jose Almonte appeals from the denial of a writ of habeas corpus by the United States District Court for the Eastern District of New York (Weinstein, *Judge*). Almonte was charged with murder in the second degree, robbery in the first degree, and criminal possession of a weapon. At his trial in state court, Almonte sought to suppress his written and oral statements on the grounds that his attorney at the time of his arrest, George Vallario, had called the precinct on his behalf before the statements were taken. Under New York law, such a phone call would render subsequent statements made without benefit of counsel inadmissible. *See People v. Pinzon,* 44 N.Y.2d 458, 464, 406 N.Y.S.2d 268, 377 N.E.2d 721 (1978). However, at an evidentiary hearing on the motion to suppress, trial counsel did not call Vallario. The court found the call was not made until after Almonte had made the statement and denied suppression. Almonte's statements were introduced at trial, and he was convicted of murder in the second degree, robbery in the second degree, and criminal possession of a weapon.

Almonte appealed his conviction. On direct appeal, his intentional murder and weapons possession convictions were reversed and his sentences on those charges vacated for reasons that are unrelated to the claims currently before us. His conviction and sentence for robbery and felony murder were affirmed. *See People v. Almonte,* 223 A.D.2d 593, 637 N.Y.S.2d 168 (1996). Almonte brought an unsuccessful collateral attack on those convictions in the New York courts.

Almonte then filed this pro se petition for habeas corpus in federal district court. He claimed that (1) his trial counsel at the suppression hearing was ineffective for failing to question police detectives sufficiently regarding the timing of Vallario's telephone call and for failing to call Vallar-

io; and (2) his appellate counsel was ineffective for unspecified reasons presumably involving failure to include in his direct appeal a claim of ineffective assistance of trial counsel. The district court conducted an evidentiary hearing at which Almonte testified that he did not sign a written statement until after Vallario arrived at the precinct. Vallario was called as a witness and testified that he called the precinct between nine and ten p.m.

In an oral decision, the district court denied Almonte's petition. The court concluded, based on testimony of the police detectives from the suppression hearing, that Vallario's telephone call came at about 11 p.m., which was after Almonte had given both his oral and written statements. The court found Vallario's testimony unreliable. The district judge granted a certificate of appealability as to Almonte's claim of ineffective assistance of trial counsel.

We conclude that the district court properly denied the petition. Although Vallario testified that he placed a telephone call to the precinct between nine and ten p.m., he contradicted this testimony inferentially: he agreed with the testimony of police detectives at the suppression hearing that he arrived at the precinct at around midnight (the time that was recorded by a detective on the back of Vallario's business card). Counting back from that point, his other testimony regarding the sequence and duration of his actions that night (including the time it took him to drive to the station house) would confirm the testimony of the police that his call was made no earlier than 11 p.m. As for Vallario's testimony placing the time of his call earlier, the district court found it "unreliable." Such a credibility determination is entitled to great deference. *Malkin v. United States,* 243 F.3d 120, 124 (2d Cir.2001); *see also Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518

(1985). We agree with the district court that Vallario's testimony did not provide reliable evidence that the telephone call was made prior to the completion of Almonte's written statement. Given the equivocal nature of Vallario's evidence on this question, Almonte cannot show that trial counsel rendered ineffective assistance in failing to call him.

Finally, even if Vallario's call was made earlier so that Almonte's written statement should have been suppressed, Almonte cannot show prejudice as required by *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prevail on his ineffective assistance of counsel claim. Prior to the earliest time Almonte contends Vallario called, Almonte had already provided an incriminating oral statement in which he described his involvement in the robbery. Almonte first spoke to the detectives when he arrived at the precinct at around seven p.m. At that time he stated that he conceived of the plan for the robbery and described his participation in it. This statement was recounted in detail by a police detective at the suppression hearing and again at trial. The only information in the later written statement that was not included in the prior oral statements was Almonte's admission that he committed the murder, for which his conviction has already been reversed on direct appeal. If only the oral statements had been received, the jury would in all likelihood have reached the same verdict. We therefore find no prejudice from trial counsel's failure to take additional steps in the effort to suppress the ultimate written statement.

We affirm the judgment of the district court denying the petition for habeas corpus.