■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BAILEY, Appellant. [942 NYS2d 165]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 22, 2009, convicting him of murder in the second degree (two counts), attempted murder in the second degree, kidnapping in the second degree (two counts), burglary in the first degree (three counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the defendant's conviction of attempted murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On January 16, 2008, the defendant and two others entered the home of the complainant, bound and blindfolded him and his friend, and held them captive at gunpoint, demanding money and marijuana. When the complainant informed them that he had neither, they ransacked his apartment. Shortly thereafter, the defendant and his cohorts took the complainant, who was still bound and blindfolded, to a neighbor's apartment, where they compelled the complainant to trick the neighbor into letting them inside. When he saw who was there, the neighbor ran into his bedroom and shut the door. The defendant and his cohorts then fired their guns through the bedroom door, killing the neighbor. As the three men left the neighbor's apartment, one of them, not the defendant, put his gun to the complainant's head and pulled the trigger two or three times. The gun did not fire. As soon as the three were gone, the complainant freed himself, with the help of the neighbor's girlfriend, who had been in the bathroom during the shooting, and ran back to his apartment to free the complainant's friend.

The defendant contends, inter alia, that the verdict of guilt on the charge of attempted murder in the second degree was against the weight of the evidence because the evidence did not support a finding that he shared his cohort's intent to kill the complainant. We agree.

Upon the defendant's request, the Appellate Division must

conduct a weight of the evidence review and, thus, a defendant will be given one appellate review of adverse factual findings (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 636 [2006]). Weight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable (*see People v Danielson*, 9 NY3d at 348). If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions (*id.*). Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt (*id.*).

"[I]n order to hold an accessory liable for the crime committed by the principal actor, the People must establish, beyond a reasonable doubt, that the accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal" (*People v Breeden*, 220 AD2d 761, 761 [1995] [internal quotation marks and citation omitted]; *see* Penal Law § 20.00; *People v Cummings*, 131 AD2d 865, 866 [1987]; *People v Skinner*, 190 AD2d 761 [1993]). Thus, "[w]hile the People were not obligated to prove that the defendant fired the . . . shot[s] in order to obtain a conviction . . . proof that the defendant harbored the specific intent to kill was critical to the People's case, for [w]ithout adequate proof of a shared intent with the principal actor, there is no community of purpose and therefore no basis for finding [that the] defendant acted in concert with the actual shooter" (*People v Cummings*, 131 AD2d at 866-867 [internal quotation marks and citation omitted]; *see People v White*, 178 AD2d 452 [1991]; *People v McLean*, 107 AD2d 167, 169 [1985], *affd* 65 NY2d 758 [1985]).

Here, the defendant had already fled the scene shortly before one of his cohorts held the gun to the complainant's head and pulled the trigger two or three times. Contrary to the People's contention, the verdict of guilt on the count charging attempted murder in the second degree was against the weight of the evidence since the evidence, properly weighed, does not prove beyond a reasonable doubt that the defendant shared his cohort's intention to kill the complainant (*see* Penal Law §§ 20.00, 110.00, 125.25 [1]; *People v Haney*, 85 AD3d 816, 818 [2011]; *cf. People v Padgett*, 145 AD2d 443, 444 [1988]). Accordingly, the defendant's conviction for attempted murder in the second degree and the sentence imposed thereon must be vacated and that count of the indictment must be dismissed.

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.