People v Hill (2022 NY Slip Op 03619)

People v Hill

2022 NY Slip Op 03619

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

308 KA 19-02142

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRAVIS O. HILL, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 7, 2018. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, burglary in the first degree (two counts), robbery in the first degree, attempted robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of attempted murder in the second degree under count one of the indictment and dismissing that count of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of burglary in the first degree (§ 140.30 [2], [4]), robbery in the first degree
(§ 160.15 [4]), and attempted robbery in the first degree (§§ 110.00, 160.15 [4]). Defendant's conviction stems from a burglary and robbery that occurred at the residence of a husband and wife shortly after they returned home one evening. Defendant fought with the husband outside the home, during which a gun that defendant was holding was fired, and the codefendant assaulted the wife inside the home.
Defendant contends that the verdict is against the weight of the evidence with respect to his identity as one of the perpetrators. Even assuming, arguendo, that an acquittal would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence as to identity (see People v Johnson, 195 AD3d 1510, 1510-1511 [4th Dept 2021]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Among other things, the evidence included defendant's detailed confession to the crimes, and we conclude that his testimony at trial that the police had told him what to say in the few minutes before the interview started was incredible (see People v Coggins, 198 AD3d 1297, 1298-1299 [4th Dept 2021]).
We reject defendant's further contention that the evidence of intent is legally insufficient to support the conviction of attempted murder in the second degree. The husband testified that the perpetrator fired a gun three times while the gun was pointed at his head. "It is well established that [i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (People v Torres, 136 AD3d 1329, 1330 [4th Dept 2016], lv denied 28 NY3d 937 [2016], cert denied — US &mdash, 137 S Ct 661 [2017] [internal quotation marks omitted]; see People v Lozada, 164 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). Viewing the evidence in the light most favorable to the People (see People v [*2]Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's intent to kill (see generally Bleakley, 69 NY2d at 495).
We reach a different conclusion, however, on defendant's contention that the verdict with respect to attempted murder is against the weight of the evidence. The encounter between defendant and the husband was depicted on a surveillance video, which shows a prolonged physical struggle between the two men during which there were numerous times when defendant had the opportunity to fire the gun at the husband but did not. Although the video shows that the gun fired once during that struggle, there is a rational inference based on the video and the husband's testimony that the gun accidentally discharged. The fight ended when the husband wrestled defendant to the ground and removed defendant's mask. According to the husband's trial testimony, he was bleeding and asked defendant to let him call an ambulance. Defendant agreed and asked the husband, who was still on top of defendant, to let him go. The husband complied, telling defendant to take a bag containing money that the husband had dropped on the ground and leave. Defendant picked up the bag, while still holding the gun, and left. Viewing the evidence in light of the elements of attempted murder in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict with respect to that count is against the weight of the evidence, because the People failed to prove beyond a reasonable doubt that defendant intended to kill the husband (see generally Bleakley, 69 NY2d at 495; People v Bailey, 94 AD3d 904, 905 [2d Dept 2012], lv denied 19 NY3d 957 [2012]). We therefore modify the judgment by reversing that part convicting defendant of attempted murder in the second degree under count one of the indictment and dismissing that count of the indictment.
Defendant's remaining contention is not preserved for our review because defendant failed to raise it in his motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Barrett, 188 AD3d 1736, 1739 [4th Dept 2020]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court